**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| Angelia Chapman, individually and on behalf of all others similarly situated, | § § § | |
| Plaintiff, | § § | Civil Action No. 4:21-cv-00942 |
| v. | § § | JURY TRIAL DEMANDED |
| Kelsey-Seybold Medical Group, PLLC, | § § | |
| Defendant. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff, Angelia Chapman ("Chapman" or "Plaintiff"), files this Complaint against Kelsey-Seybold Medical Group, PLLC ("Kelsey-Seybold" or "Defendant"), showing in support as follows:

### I.   NATURE OF ACTION

1.   This is a civil action brought under the Fair Labor Standards Act, 29 U.S.C. §§ 201-219, and the Portal-to-Portal Act, 29 U.S.C. §§ 251-262 (collectively, the "FLSA") seeking damages for Defendant's failure to pay Plaintiff time and one-half the regular rate of pay for all hours worked over 40 during each seven-day workweek while working for Defendant paid on a salary basis as a non-exempt employee. Plaintiff seeks all damages available under the FLSA, including back wages, liquidated damages, legal fees, costs, and post-judgment interest.

### II.   THE PARTIES

**A.   Plaintiff Angelia Chapman**

2.   Plaintiff is an individual residing in Fort Bend County, Texas. Plaintiff has standing to file this lawsuit.

3.   Plaintiff began working for Defendant on or about July 25, 2016. Plaintiff is a

current employee, and was at all times non-exempt.

4. At times relevant, Plaintiff earned a salary with no additional compensation for overtime hours of work in connection with work for Defendant, while many workweeks in excess of forty hours. When Defendant experienced a business downturn starting on or about September of 2020, Defendant converted Plaintiff to an overtime eligible hourly paid employee to reduce the amount of pay owed to her as she was no longer working significant overtime. Plaintiff seeks redress for Defendant's failure to pay her overtime premium pay before her conversion to an overtime eligible hourly paid employee.

5. Plaintiff's written consent to participate in this lawsuit is filed along with this Original Complaint as Exhibit 1.

**B.     Defendant Kelsey-Seybold Medical Group, PLLC**

6. Defendant is a professional limited liability company organized under the laws of the State of Texas. Defendant is a medical services provider.

7. During all times relevant to this lawsuit, Defendant has done business in the State of Texas.

8. Defendant's principal place of business, as listed with the Texas Secretary of State is 11511 Shadow Creek Parkway; Pearland, Texas 77584.

9. At all times relevant to this lawsuit, Defendant is and has been an "enterprise engaged in commerce" as defined by the FLSA.

10. At all times relevant to this lawsuit, Defendant employed and continues to employ two or more employees.

11. At all times relevant to this lawsuit, Defendant employed two or more employees who engaged in commerce and/or who handled, sold or otherwise worked on goods or materials

that have been moved in or produced for commerce by any person. Examples of such goods and/or materials include medical instruments.

12. On information and belief, at all times relevant to this lawsuit, Defendant has had annual gross sales or business volume in excess of $500,000.

13. Defendant may be served with summons through its registered agent Tony Lin at 2727 W. Holcombe Boulevard, 4th Floor; Houston, Texas 77025.

### III.   JURISDICTION AND VENUE

14. This Court has subject matter jurisdiction over this case based on federal question jurisdiction pursuant to 28 U.S.C. § 1331, because Plaintiff's claims are based on federal law, namely the FLSA. *See* 29 U.S.C. § 216(b).

15. The United States District Court for the Southern District of Texas has personal jurisdiction over Defendant because Defendant does business in Texas and in this District, and because many of the acts complained of and giving rise to the claims alleged occurred in Texas and in this District.

16. Venue is proper in this District and/or Division pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to all claims occurred in this District, and in this Division.

### IV.   FACTUAL BACKGROUND

17. Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section.

18. Plaintiff is employed by Defendant as a medical billing auditor in connection with its business as a medical service provider. Her primary job duties involve reviewing medical billing records.

19. Prior to September of 2020, Plaintiff worked for Defendant as a salaried employee. During that time period, Plaintiff routinely worked in excess of 40 hours per workweek for Defendant. Plaintiff's weekly work schedule typically encompassed between 40 to 65 hours of work for Defendant. However, Defendant did not pay Plaintiff time and one-half the regular rate of pay for all hours worked over 40 during each and every workweek.

20. When Defendant experienced a business downturn starting on or about September of 2020, Defendant converted Plaintiff to an overtime eligible hourly paid employee to reduce the amount of pay owed to her as she was no longer working significant overtime.

21. Plaintiff and Defendant have entered into a tolling agreement, and Plaintiff's cause of action has been tolled from December 15, 2020. Plaintiff seeks damages for Defendant's failure to pay her overtime premium pay during the three-year period between December 15, 2017 and the date she was converted to an hourly paid employee in or around September of 2020.

## V.     **FLSA CLAIMS FOR OVERTIME PAY**

22. Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section.

23. At all relevant times, Defendant is/was an eligible and covered employer under the FLSA. *See* 29 U.S.C. § 203(d).

24. At all times relevant to this lawsuit, Defendant has been and is an enterprise engaged in commerce under the FLSA. *See* 29 U.S.C. § 203(s)(1)(A).

25. Plaintiff is an employee of Defendant pursuant to the FLSA. 29 U.S.C. § 203(e).

26. Plaintiff was not exempt from overtime under the FLSA.

27. At times relevant, Plaintiff was paid on a salary basis without additional compensation for overtime hours of work by Defendant.

28. At times relevant to this lawsuit, Plaintiff works/worked in excess of 40 hours per seven-day workweek as employees of Defendant.

29. Defendant is/was required to pay Plaintiff time and one-half her regular rate of pay for all hours worked over 40 in each relevant seven-day workweek. 29 U.S.C. § 207(a)(1).

30. Defendant failed to pay Plaintiff one and one-half times her regular rate of pay for all hours worked over 40 in each and every seven-day workweek during the time period relevant to this lawsuit in violation of the FLSA.

31. Defendant failed to maintain and preserve payroll records which accurately show the total hours worked by Plaintiff on a daily and weekly basis in violation of the recordkeeping requirements of the FLSA. *See* 29 U.S.C. § 211(c); 29 C.F.R. § 516.2(a) & 516.5.

32. Defendant's violation of the FLSA, as described above, is/was willful within the meaning of 29 U.S.C. § 255(a). At all material times, Defendant was aware that Plaintiff was not paid overtime premium pay at the rate of time and one-half her regular rate of pay for all hours worked over forty in a seven-day workweek.

33. Plaintiff specifically pleads recovery for the time period of three years preceding the date this lawsuit was filed and forward for their FLSA claim as the result of Defendant's willful conduct. *See* 29 U.S.C. § 255(a).

34. Plaintiff seeks all damages available for Defendant's failure to timely pay all overtime wages owed, including back wages, liquidated damages, reasonable attorneys' fees and costs, and post-judgment interest.

## VI. JURY DEMAND

35. Plaintiff demands a jury trial.

### VII. DAMAGES AND PRAYER

36. Plaintiff asks that the Court issue a summons for Defendant to appear and answer, and that Plaintiff and the putative Collective Action Members be awarded a judgment against Defendant or order(s) from the Court for the following:

   a. All damages allowed by the FLSA, including back wages;

   b. Liquidated damages in an amount equal to FLSA-mandated back wages;

   c. Legal fees;

   d. Costs;

   e. Post-judgment interest;

   f. All other relief to which Plaintiff may be justly entitled.

Dated: March 23, 2021                    Respectfully submitted,

                                         By:    /s/Melinda Arbuckle
                                                Ricardo J. Prieto
                                                Attorney-in-Charge
                                                Federal ID No. 1001658
                                                State Bar No. 24062947
                                                rprieto@eeoc.net
                                                Melinda Arbuckle
                                                State Bar No. 24080773
                                                Federal ID No. 2629125
                                                marbuckle@eeoc.net
                                                Shellist Lazarz Slobin LLP
                                                11 Greenway Plaza, Suite 1515
                                                Houston, TX 77046
                                                (713) 621-2277 – Telephone
                                                (713) 621-0993 – Facsimile

                                         ATTORNEYS FOR PLAINTIFF